**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

KATKAMS VENTURES, LLC and SUPREMA, LLC, as successors in interest to 521, LLC, Respondents,

v.

NO LIMIT, LLC d/b/a No Limit Financial, LLC, and Erich Simpson, Appellants.

Appellate Case No. 2019-001243

———————

Appeal From Lancaster County
Brian M. Gibbons, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-205
Submitted April 1, 2022 – Filed May 18, 2022

———————

**AFFIRMED**

———————

John Martin Foster, of Rock Hill, for Appellants.

Brian Wendell Tyson, of Law Office of Paul H. Bass, LLC, of Charlotte, North Carolina, for Respondents.

———————

**PER CURIAM:**  No Limit, LLC d/b/a No Limit Financial, LLC and Erich Simpson (collectively, Tenant) appeal the circuit court's order granting summary judgment to Katkams Ventures, LLC and Suprema, LLC, successors in interest to 521, LLC (collectively, Landlord) and the damages award to Landlord.  On appeal,

Tenant argues it is entitled to have the future rental damages reduced to their present value.

The lease provided the damages stemming from a default included "an amount equal to the amount of all rents reserved under [the lease]," minus the amount of rent collected by reletting the premises. Because the damages were calculated as provided for by the lease agreement, we find the circuit court did not err. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Bluffton Towne Ctr., LLC v. Gilleland-Prince*, 412 S.C. 554, 562, 772 S.E.2d 882, 887 (Ct. App. 2015) ("A lease agreement is a contract, and an action to construe a contract is an action at law." (quoting *Middleton v. Eubank*, 388 S.C. 8, 14, 694 S.E.2d 31, 34 (Ct. App. 2010))); *Fesmire v. Digh*, 385 S.C. 296, 302, 683 S.E.2d 803, 807 (Ct. App. 2009) ("This Court reviews all questions of law de novo."); *Crenshaw v. Erskine Coll.*, 432 S.C. 1, 24, 850 S.E.2d 1, 13 (2020) ("Actions on a contract must be based on the terms of the contract.").

**AFFIRMED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.